Joseph C. Faucher, CA SBN: 137353
Pascal Benyamini, CA SBN: 203883
**REISH & REICHER**
11755 Wilshire Boulevard, 10th Floor
Los Angeles, CA 90025-1539
Telephone Number: (310) 478-5656
Facsimile Number: (310) 478-5831
E-Mail: joefaucher@reish.com
E-Mail: pascalbenyamini@reish.com

FILED

10 OCT -8 AM II: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Defendants, WILLIAM J. KROPKOF, an individual; KINGSLEY GROUP, INC. dba KROPKOF, KINGSLEY & ASSOCIATES, INC. (erroneously sued as WILLIAM J. KROPKOF dba KINGSLEY GROUP, INC. a California Corporation dba KROPKOF KINGSLEY & ASSOCIATES); KROPKOF, LANG & ASSOCIATES, INC., a California Corporation dba KROPKOF, KINGSLEY & ASSOCIATES and dba KROPKOF PENSION SERVICES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BARBARA SPECTER

                    Plaintiff,

        vs.

WILLIAM J. KROPKOF, an individual;
and WILLIAM J. KROPKOF dba
KINGSLEY GROUP, INC., a California
Corporation dba KROPKOF, KINGSLEY
& ASSOCIATES; KROPKOF, LANG &
ASSOCIATES, INC., a California
Corporation dba KROPKOF, KINGSLEY
& ASSOCIATES; KROPKOF PENSION
SERVICES and DOES 1 through 50,
inclusive,

                    Defendants.

CASE NO.: SACV10-1517 DOC (MLGx)

OCSC Case No. 30-2010-00399970

**NOTICE OF REMOVAL BY
DEFENDANTS UNDER 28 U.S.C.
§ 1441(b) (FEDERAL QUESTION)**

Complaint Filed: August 17, 2010

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants WILLIAM J. KROPKOF, an individual; KINGSLEY GROUP, INC., dba KROPKOF KINGSLEY & ASSOCIATES, INC. and dba KROPKOF PENSION SERVICES (erroneously sued as WILLIAM J. KROPKOF dba KINGSLEY GROUP, INC. a California Corporation dba KROPKOF KINGSLEY & ASSOCIATES); and KROPKOF,

1

LANG & ASSOCIATES, INC., a California Corporation dba KROPKOF, KINGSLEY & ASSOCIATES and dba KROPKOF PENSION SERVICES, hereby remove to this Court the state court action described below:

1.      On or about August 17, 2010, an action was commenced in the Superior Court of the State of California in and for the County of Orange, Central Justice Center entitled BARBARA SPECTER v. WILLIAM J. KROPKOF, an individual; and WILLIAM J. KROPKOF dba KINGSLEY GROUP, INC., a California Corporation dba KROPKOF, KINGSLEY & ASSOCIATES; KROPKOF, LANG & ASSOCIATES, INC., a California Corporation dba KROPKOF, KINGSLEY & ASSOCIATES; KROPKOF PENSION SERVICES and DOES 1 through 50, inclusive, Case Number 30-2010-00399970 (hereinafter "the State Court Action").  A full, true and correct copy of Plaintiff's Complaint for Damages in the State Court Action is attached hereto as Exhibit "1."   Defendants are informed and believe that, other than the documents attached as Exhibit "1," no other documents have been filed or served in the State Court Action.

2.      The first date upon which any of the Defendants received a copy of the Plaintiff's Complaint in the State Court Action was September 13, 2010, when a copy of the Complaint was served upon William J. Kropkof.

3.      Certain of Plaintiff's claims relate to the administration of an employee pension benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Therefore, Plaintiff's claims arise under and are completely preempted by ERISA, 29 U.S.C. §1001 et seq.  *See*, e.g., *Metropolitan Life Insurance Company v. Taylor* (1987) 481 U.S. 58. Plaintiff's claims therefore implicate this Court's federal question jurisdiction under 28 U.S.C. §1331, and may be removed to this Court pursuant to 28 U.S.C. §1441(b).

4.      This Notice of Removal is filed within 30 days of the date on which the first-served Defendant was served with the Complaint in the State Court Action.

5.     To the best of the Removing Defendants' knowledge, there are no cases presently pending in this Court which relate to the State Court Action which is the subject of this Notice of Removal of Action.  A separate action entitled "William Kropkof v. Barbara Specter," Superior Court of the State of California, County of Orange, Case Number 30-2009 00328832, involves a claim for partition of real property. Plaintiff in that case, William Kropkof, is one of the defendants in the instant action and Defendant in that case, Barbara Specter, is the Plaintiff in the instant action.

October 7, 2010                        REISH & REICHER

                                       By: _____
                                       JOSEPH C. FAUCHER
                                       Attorneys for Defendants, WILLIAM J.
                                       KROPKOF, an individual; KINGSLEY
                                       GROUP, INC. dba KROPKOF,
                                       KINGSLEY & ASSOCIATES, INC.
                                       (erroneously sued as WILLIAM J.
                                       KROPKOF dba KINGSLEY GROUP, INC.
                                       a California Corporation dba KROPKOF
                                       KINGSLEY & ASSOCIATES);
                                       KROPKOF, LANG & ASSOCIATES,
                                       INC., a California Corporation dba
                                       KROPKOF, KINGSLEY & ASSOCIATES
                                       and dba KROPKOF PENSION SERVICES

435238.1

NOTICE OF RELATED CASES

1

**PROOF OF SERVICE**

2

I, CESAR M. IBANEZ, declare:

3

I am employed in the County of Los Angeles, State of California. I am

4

over the age of 18 and not a party to the within Action; my business address is 11755 Wilshire Boulevard, 10th Floor, Los Angeles, California 90025.

5

On October 7, 2010, I served the document(s) described as NOTICE OF

6

REMOVAL BY DEFENDANTS UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION), on the parties in this Action:

7

Katrina Anne Foley, Esq.

8

The Foley Group, PLC
1600 Dove Street, Suite 101
Newport Beach, California 92660

9

Tel: (949) 502-8800
Fax: (949) 502-8801

10

11

Attorneys for Plaintiff, BARBARA SPECTER

12

☒  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be

13

deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am

14

aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

15

16

☐  BY E-MAIL/ELECTRONIC SERVICE: I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above. Each e-

17

mail was complete and no reports of error were received.

18

☐  BY FEDERAL EXPRESS    ☐ UPS NEXT DAY AIR    ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐

19

FEDERAL EXPRESS    ☐ UPS    ☐ Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a

20

courier or driver of   ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at

21

Reish & Reicher, 11755 Wilshire Boulevard, 10th Floor, Los Angeles, CA 90025-1539 with delivery fees fully provided for.

22

☒  [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

23

24

Executed on October 7, 2010, at Los Angeles, California.

25

CESAR M. IBANEZ

26

27

28

435238.1

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 17 2010

ALAN CARLSON, Clerk of the Court

BY: E. VELOZ    DEPUTY

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
WILLIAM J. KROPKOF, an individual; and WILLIAM J. KROPKOF dba KINGSLEY GROUP, INC., a California Corporation dba KROPKOF, KINGSLEY & ASSOCIATES; KROPKOF LANG & ASSOCIATES, INC., a California Corporation dba KROPKOF, KINGSLEY & ASSSOCIATES; KROPKOF PENSION SERVICES and DOES 1 though 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

Barbara Specter

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): 30-2010 |
|---|---|
| Central Justice Center 700 Civic Center Drive West, Santa Ana, CA 92701 | 00399970 |

JUDGE LINDA S. MARKS

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Katrina Anne Foley, The Foley Group, PLC, 1600 Dove Street, Suite 101, Newport Beach, CA 92660

| DATE: (Fecha) AUG 17 2010 | **ALAN CARLSON** Clerk, by (Secretario) | **ENRIQUE VELOZ** , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Katrina Anne Foley  184921<br>The Foley Group, PLC<br>1600 Dove Street, Suite i01<br>Newport Beach, CA 92660<br>TELEPHONE NO.: 949-502-8800   FAX NO.: 949-502-8801<br>ATTORNEY FOR (Name): katrina@ocfoleylaw.com | FILED<br>SUPERIOR COURT OF CALIFORNI/.<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>AUG 1 7 2010<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY: E. VELOZ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Oraneg
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
BARBARA SPECTER v. WILLIAM J. KROPKOF, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2010<br>00399970<br>JUDGE LINDA S. MARKS<br>DEPT: C-1 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 8/12/10

Katrina Anne Foley
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Katrina Anne Foley  184921<br>The Foley Group, PLC<br>1600 Dove Street, Suite 101<br>Newport Beach, CA 92660<br>TELEPHONE NO.:  949-502-8800    FAX NO. *(Optional)*:  949-502-8801<br>E-MAIL ADDRESS *(Optional)*:  katrina@ocfoleylaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiff BARBARA SPECTER | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>AUG 1 7 2010<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY ____ E. VELOZ ____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: BARBAR SPECTER

DEFENDANT/RESPONDENT: WILLIAM J. KROPKOF, et al.

| | |
|---|---|
| | CASE NUMBER:<br>30-2010<br>00399970<br>JUDICIAL OFFICER:<br>JUDGE LINDA S. MARKS<br>DEPT.:  C-7 |

| NOTICE OF RELATED CASE | |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: William Kropfok v. Barbara Specter, et al.
   b. Case number:  30-2009 00328832
   c. Court:  [✓] same as above
       [ ] other state or federal court *(name and address)*:
   d. Department:  C26
   e. Case type:  [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify)*:
   f. Filing date:  December 17, 2009
   g. Has this case been designated or determined as "complex?"  [ ] Yes  [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
       [✓] involves the same parties and is based on the same or similar claims.
       [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       [✓] involves claims against, title to, possession of, or damages to the same property.
       [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
       [✓] pending
       [ ] dismissed [ ] with [ ] without prejudice
       [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court:  [ ] same as above
       [ ] other state or federal court *(name and address)*:
   d. Department:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | NOTICE OF RELATED CASE | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: BARBAR SPECTER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WILLIAM J. KROPKOF, et al. | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3.  a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 8/12/10

_____
Katrina Anne Foley
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

1  Katrina Anne Foley, Bar No. 184921
   The Foley Group, PLC
2  1600 Dove Street, Suite 101
   Newport Beach, California 92660
3  Telephone: (949) 502-8800
   Facsimile: (949) 502-8801
4

5  Attorneys for Plaintiff
   BARBARA SPECTER

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 17 2010

ALAN CARLSON, Clerk of the Court

BY_____E. VELOZ_____DEPUTY

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA
   COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

30-2010

8  BARBARA SPECTER,                          )  Case No.         00399970
9          Plaintiff                         )     **COMPLAINT FOR DAMAGES**
                                             )
10                                           )     1. ASSAULT; JUDGE LINDA S. MARKS
   v.                                        )     2. BATTERY;
11                                           )     3. FALSE IMPRISONMENT;
   WILLIAM J. KROPKOF, an individual;        )     4. CONVERSION;
12 and WILLIAM J. KROPKOF dba                )     5. FAILURE TO PAY WAGES
   KINGSLEY GROUP, INC., a California        )        (LABOR CODE § 201);
13 Corporation dba KROPKOF, KINGSLEY         )     6. WAITING TIME PENALTIES
   & ASSOCIATES;  KROPKOF LANG &             )        (LABOR CODE § 203);
14 ASSOCIATES, INC.,  a California           )     7. RETALIATION (LABOR CODE §
15 Corporation dba KROPKOF, KINGSLEY         )        1102.5);
   & ASSOCIATES;  KROPKOF PENSION            )     8. RETALIATION (GOVT CODE §§
16 SERVICES and DOES 1 though 50,            )        12940 ET SEQ);
17 inclusive,                                )     9. BREACH OF CONTRACT;
                                             )     10. BREACH OF IMPLIED
18        Defendants.                        )         COVENANT OF GOOD FAITH
                                             )         AND FAIR DEALING;
19                                           )     11. WRONGFUL TERMINATION IN
                                             )         VIOLATION OF PUBLIC
20                                           )         POLICY;
                                             )     12. FRAUD AND
21                                           )         MISREPRESENTATION OF
                                             )         MATERIAL FACTS;
22                                           )     13. NEGLIGENT
                                             )         MISREPRESENTATION
23                                           )     14. INTENTIONAL INFLICTION OF
24                                           )         EMOTIONAL DISTRESS.
                                             )
25                                           )
                                             )     **DEMAND FOR JURY TRIAL**
26                                           )

27

28

**COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

1.     At all times material to this Plaintiff Barbara Specter (hereinafter "Specter"), a female, was a resident of Orange County, California.

2.     Defendant William J. Kropkof a.k.a. William J. Kropkof, Independent Fiduciary (hereinafter "Kropkof"),doing business as Kropkof Pension Services and Kropkof Kingsley & Associates is a male, and at all relevant times was a resident of Orange County California.

3.     Defendant Kingsley Group, Inc. is a California Corporation doing business as Kropkof, Kingsley & Associates (hereinafter "KKA").

4.     Defendant Kropkof Lang & Associates, Inc. is a California Corporation doing business as Kropkof, Kingsley & Associates.

5.     Specter is informed and believes, and thereon alleges, that Defendants, and each of them, including those designated herein as DOES 1 through 50, inclusive, are responsible in some manner for the occurrences and happenings, as well as such acts and omissions as are more fully alleged herein, and that Specter's injuries, damages and losses, as alleged below, were and are the direct and proximate result of the actions or omissions of said Defendants.

6.     Furthermore, each of the Defendants are sued as the principals, agents, partners, servants, employees, officers, directors, subsidiaries, corporate affiliates, alter egos, conspirators and co-conspirators, joint ventures of each of the remaining Defendants.  Each of the Defendants were the employer of Plaintiff and acting within the course, scope and authority of such relationship, and with the knowledge, consent, approval or ratification of the remaining Defendants.

7.     Does 1 through 50 are sued under the fictitious names pursuant to the Code of Civil Procedure section 474.  Specter is informed and believes and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Defendants and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the other Defendants.

8.     In 1999, prior to her employment with Defendants, Specter entered into a consensual sexual

relationship with Kropkof. In or about January 2001, Defendants hired Specter as both an assistant working directly with Defendant William J. Kropkof, and as a 125 Cafeteria Plan Administrator for Kropkof, Kingsley & Associates, Inc., now known as Kropkof Pension Services (KPS) and Defendant William J. Kropkof, Independent Fiduciary. During her employment with Defendants, Kropkof was at all relevant times Specter's direct supervisor and part-owner of Defendant Companies. During the course of the personal and professional relationship, Defendant Kropkof moved into Plaintiff's home and it became the company headquarters for Defendants as well as Defendant Kropkof's business office. On or about February 8, 2006, Plaintiff agreed to and executed a Quit Claim Deed to herself and Defendant Kropkof for Plaintiff's home located at 12 Westgate, Laguna Niguel, California in exchange for Defendant Kropkof to pay the monthly mortgage, insurance, and taxes in exchange; therefore, allowing them to use the home as a business deduction. In or around June 6, 2007, Kropkof proposed marriage to Specter and she accepted. On or around September 4, 2009, Specter's relationship with Kropkof ended when she found out that he was having an affair with another woman. Defendant Kropkof stopped paying the mortgage and taxes in or about September 2009, but failed to inform Plaintiff.

9.     At all times during her employment with Defendants, Specter performed her duties competently and admirably, and she never received any form of negative feedback from Defendant or Kropkof regarding her job performance.

10.     During her tenure with Defendants, Specter contributed part of her salary to a retirement account setup by Defendants. Kropkof was the administrator of the retirement account, and made representations to Specter that he would invest the money properly. Specter reasonably relied on Kropkof's representations, as the administrator of the retirement account, to invest the money that was being taken out of her salary. Plaintiff, however, learned that Kropkof failed to fund Specter's retirement account for at least three (9) years.

11.     Specter is informed and believes and thereon alleges that instead of investing the money that was deducted from her salary, Kropkof on behalf of himself and corporate Defendants, intentionally absconded with her money, and used the money for his own personal needs and benefit. Plaintiff is informed and believes that Defendant Kropkof may have even used Plaintiff Specter's retirement funds to

COMPLAINT FOR DAMAGES

pay his share of the mortgage and taxes on Specter's home.

12.    Specter was unaware of Kropkof's acts during her employment with Defendants. Indeed, she only learned of Kropkof's failure to fund her retirement account after September 4, 2009, when the personal relationship ended and she learned that her 401(k) was empty. After Defendant Kropkof moved out and took his personal and business items, Plaintiff discovered documents left behind by Defendant Kropkof in trash bags that revealed Defendant may have transferred money between unrelated plans in which he was a fiduciary.

13.    Prior to being terminated on December 1, 2009 by Defendants, Specter served written notice on Defendant regarding her empty 401(k) and filed a complaint with the United States Department of Labor on or about September 16, 2009 regarding her 401(k) and other possible fraudulent business practices by Defendants as to the handlings of other retirement and cafeteria plans, and independent fiduciary plans that Defendant Kropkof administered.. Specter complained that she had been retaliated against by Kropkof for ending their sexual relationship, and requested her retirement and her savings be reinstated, and wages paid.

14.    On or around September 20, 2009, Kropkof drove himself to Specter's home and entered without her knowledge or consent.  When Specter unexpectedly arrived and entered her home, Kropkof then intentionally pushed Specter into a sofa causing her to fall.

15.    Specter, in fear for her life, tried to escape her home in her vehicle, but Kropkof intentionally blocked the vehicle from leaving the garage and for a period of time prevented her from leaving.

16.    As a further act of retaliation, on September 29, 2009, Defendant Kropkof filed a temporary restraining order against Plaintiff Specter claiming she tried to run him down with the car in an attempt to intimidate her into withdrawing her complaint and keeping quiet about her discovery of possible fraud. The restraining order sought to have all the involuntary documents returned,.

17.    On or about September 30, 2009, instead of responding to Specter's complaints, and in retaliation for making complaints, Defendants ceased all compensation of benefits to Plaintiff Specter including, wages, auto allowance, auto insurance, and telephone allowance. On or about October 20, 2009, the court denied Defendant's Restraining Order request. On November 30, 2009, Defendants terminated

COMPLAINT FOR DAMAGES

Plaintiff's medical insurance, and finally, terminated her officially on or about December 1, 2009.

18.    At the time of her termination, Defendants failed to pay her the wages due and owing to her at the time.  Defendants also failed to pay Specter the wages due and owing to her more than thirty (30) days after she was terminated by Defendants.

19.    On or about December 17, 2009, in yet another act of retaliation, Defendant Kropkof filed a partition action seeking to force Plaintiff to sell her home to reimburse Defendant for monies expended that likely originated from the benefit plans of Plaintiff and others.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20.    On or about March 23, 2010, Specter also filed complaints with the Department of Fair Employment and Housing (DFEH) based on wrongful termination, harassment, failure to prevent discrimination or retaliation and retaliation against Defendants' William Kropkof, Kingsley Group, Inc, and Kropkof, Lang & Associates.

21.    On or about March 23, 2010, Specter was issued Right to Sue Notices against the Defendants' William Kropkof, Kingsley Group, Inc, and Kropkof, Lang & Associates..

## FIRST CAUSE OF ACTION

### ASSAULT

(Against All Defendants and DOES 1-50)

22.    Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

23.    On or about September 20, 2009 at Specter's home located in Laguna Niguel, California, Defendant Kropkof attacked Specter by threatening and then push her and preventing her from leaving her home.

24.    In doing the acts as alleged above, Kropkof intended to cause or to place Specter in apprehension of a harmful or offensive contact with Specter's person.

5

25.     As a result of Kropkof's acts as alleged above, Specter, in fact, was placed in great apprehension of a harmful or offensive contact with Specter's person.

26.     At no time did Specter consent to any of the acts of Kropkof alleged above.

27.     As a proximate result of Kropkof's acts as alleged above, Specter was hurt and injured in her health, strength, and activity, sustaining injury to her person, all of which have caused, and continue to cause, Specter great mental, physical, and nervous pain and suffering.  As a result of these injuries, Specter has suffered general damages.

28.     The aforementioned conduct of Kropkof was willful and malicious and was intended to oppress and cause injury to Specter.  Specter is therefore entitled to an award of punitive damages.

29.     To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.


## SECOND CAUSE OF ACTION

### BATTERY

(Against All Defendants and DOES 1-50)

30.     Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

31.     After placing Specter in great apprehension of harmful and offensive contact, Kropkof then pushed Specter causing her to fall and injure herself.

32.     In doing the acts as alleged above, Kropkof acted with the intent to make a contact with Specter's person.

33.     At no time did Specter consent to any of the acts of Kropkof alleged above.

34.     As a proximate result of Kropkof's acts as alleged above, Specter was hurt and injured in

COMPLAINT FOR DAMAGES

her health, strength, and activity, sustaining injury to her person, all of which have caused, and continue to cause, Specter great mental, physical, and nervous pain and suffering. As a result of these injuries, Specter has suffered general damages.

35.   The aforementioned conduct of Kropkof was willful and malicious and was intended to oppress and cause injury to Specter. Specter is therefore entitled to an award of punitive damages.

36.   To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

## THIRD CAUSE OF ACTION

### FALSE IMPRISONMENT

(Against All Defendants and DOES 1-50, Inclusive)

37.   Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

38.   On or about September 20, 2009, after attacking Specter in her own home, Kropkof prevented Specter from leaving the home in her vehicle. First, Kropkof prevented Specter from entering her vehicle in her garage. Then, Kropkof restrained her from leaving using his body and hands by preventing Specter from closing her vehicle's door. Following this period of detention, Kropkof released the vehicle's door and allowed Specter to drive her vehicle away from the home.

39.   Immediately prior to Kropkof's acts herein alleged, Specter was away from her home located at 12 Westgate, Laguna Niguel, Orange County, California and had no knowledge Defendant Kropkof would be present when she arrived. Specter did not steal, nor was she in the process of stealing, any property belonging to Kropkof or anyone else, nor had she committed any crime against Kropkof or anyone else, and Kropkof knew of Specter's innocence.

COMPLAINT FOR DAMAGES

40.     As a proximate result of the Kropkof's acts, and each of them, Specter was injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused plaintiff to suffer extreme and severe physical pain and mental anguish.

41.     Kropkof's acts, and each of them, as herein alleged were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

42.     To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

## FOURTH CAUSE OF ACTION

### CONVERSION

(Against All Defendants and DOES 1-50)

43.     Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

44.     At all times herein mentioned, and beginning in 2001, Specter was, and still is, the owner of her retirement account created by the Defendants and was, and still is, entitled to the possession of all money in her retirement account held in trust by Defendants.

45.     On various dates during her employment with Defendants, Kropkof as the administrator of the Defendants' retirement accounts, failed to properly fund Specter's retirement account after withholding portions of her salary for the very purpose of funding her retirement account.

46.     Plaintiff is unaware of what Kropkof or Defendants, and each of them, have done with the money that was supposed to be deposited into her retirement account, but believes and thereon alleges that Kropkof and Defendants, and each of them, converted the same to their own use. Plaintiff informed and believes that at least a portion of the moneys were used to pay the mortgage, insurance and property taxes

8

1  on Plaintiff's home that Defendant Kropkof now seeks to force Plaintiff to sell as yet another retaliatory act.

2  47.    On numerous occasions, Specter had both orally and in writing demanded the immediate

3  return of the above-mentioned property.

4  48.    At all relevant times herein, Defendants had and continued to have legal obligations

5  imposed by statute to pay Specter her earned wages due. Such wages belonged to Specter at the time the

6  labor and services were provided to Defendants, and accordingly such wages are the property of Specter,

7  not Defendants.

8  49.    Defendants knowingly and intentionally failed to pay Specter her wages. Instead,

9  Defendants converted Specter's rightfully earned wages to Defendants own benefit and use. Defendants

10  converted Specter's earned wages and gratuity as part of an intentional and deliberate scheme to

11  maximize Defendants' profits at Specter's expense.

12  50.    Specter has been injured by Defendants' intentional conversion of his earned wages.

13  Plaintiff is entitled to immediate possession of any and all amounts converted by Defendants, with

14  interest.

15  51.    Between the time of Kropkof and Defendants' conversion of the above-mentioned property

16  to their own use and the filing of this action, Specter has spent numerous hours and money in pursuit of the

17  converted property, all to Specter's further damage in an amount to be determined at trial.

18  52.    Kropkof and the Defendants, and each of their acts alleged above were willful, wanton,

19  malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of

20  exemplary and punitive damages.

21

22  53.    To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory

23  conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's

24  emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the

25  deleterious consequences to Specter.

26  ///

27  ///

28

9

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES (LABOR CODE § 201)

(Against All Defendants and DOES 1-50)

54.    Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

55.    At all times relevant to this Complaint, Labor Code section 201 was in full force and effect. Labor Code section 201 states that if "an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

56.    Defendants terminated Specter's employment on December 1, 2009. At the time of her termination, Specter had earned wages and benefits that had not been paid to her in an amount to be proven at trial.

57.    Specter has requested that Defendants submit to her all wages she earned and that were unpaid. However, Defendants have refused to submit such payment in violation of Labor Code section 201.

58.    Furthermore, Plaintiff has incurred and continues to incur legal expenses and attorney fees for which she may be entitled pursuant to Labor Code Section 1194. Plaintiff is presently unaware of the precise amount of these expenses and fees and seeks an award of attorneys' fees and costs according to proof at trial. Plaintiff also seeks liquidated damages if available as well as pre-judgment interest at the prevailing interest rate.

59.    To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

/ / /

/ / /

10

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES (LABOR CODE § 203)

(Against All Defendants and DOES 1-50)

60.     Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

61.     At all times relevant to this Complaint, Labor Code section 203 was in full force and effect. Labor Code section 203 states that if "an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201...any wages of an employee who is discharged..., the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced...."

62.     Defendants terminated Specter's employment on December 1, 2009. At the time of her termination, Specter had earned wages that had not been paid to her in violation of Labor Code section 201.

63.     Specter has requested that Defendants submit to her all wages she earned and that were unpaid. However, Defendants have refused to submit such payment in violation of Labor Code section 201.

64.     To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

## SEVENTH CAUSE OF ACTION

### RETALIATION (LABOR CODE § 1102.5)

Against All Defendants and DOES 1-50

65.     Specter realleges and incorporates herein by reference each of the allegations set forth above

COMPLAINT FOR DAMAGES

1    as if fully set forth herein.

2          66.    At all times relevant to this Complaint, Labor Code section 1102.5 was in full force and

3    effect.  Labor Code section 1102.5 states that "[a]n employer may not retaliate against an employee for

4    disclosing information to a government agency, where the employee has reasonable cause to believe that

5    the information discloses a violation of state or federal statute...." Plaintiff requests waiting time penalties

6    at her average rate of daily pay for 30 days.

7          67.    On September 16, 2009 and prior to her being terminated by Defendants, Specter made a

8    complaint to the United States Department of Labor that Defendants had violated both California and

9    federal statutes.

10         68.    After learning of Specter's complaint to the United States Department of Labor, Defendant

11   Kropkoff retaliated by filing a merit request for Temporary Restraining Order, and all Defendants stopped

12   paying Plaintiff's wages, ceased providing her with assignments, terminated Specter's employment, and

13   finally filed a partition action against her home to force its sale leaving Plaintiff and her children homeless.

14         69.    At the time of her termination, Specter was performing her job competently and admirably.

15         70.    As a result of the retaliatory acts, Specter has suffered from stress and anxiety which has

16   negatively impacted her physical condition.

17         71.    Specter believes and thereon alleges that any claims of misconduct or performance issues

18   as Defendants' basis for any disciplinary actions against Specter are pretextual and meant to disguise the

19   discriminatory reasons for Defendants' conduct.

20         72.    As a direct and proximate cause of the discrimination, Specter has suffered and continues

21   to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of

22   wages and benefits, and emotional distress and physical illness in an amount unknown, but according to

23   proof at trial.

24         73.    Moreover, Specter is entitled to attorneys' fees and costs for bringing suit alleging these

25   violations.  Specter has incurred and continues to incur legal expenses and attorneys' fees as a result of

26   her claims against Defendants.  Specter is presently unaware of the precise amount of these expenses

27   and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

28

COMPLAINT FOR DAMAGES

74.     Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Specter's rights, Specter seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.

75.     To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

## EIGHTH CAUSE OF ACTION

### RETALIATION (GOVT CODE §§ 12940 ET SEQ)

(Against All Defendants and DOES 1-50)

76.     Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

77.     At all times herein mentioned, Specter believes the Fair Employment and Housing Act (FEHA), located in Government Code § 12940 et seq. was in full force and effect.  This act prohibits discrimination, harassment and retaliation based on sex and gender, as well as on other grounds.

78.     Specter believes and thereon alleges that Defendants are qualified employers subject to the requirements of FEHA.

79.     At all times relevant, Specter was able to and did perform the essential functions of her position.  Specter believes and thereon alleges that Defendants retaliated against her because she terminated her sexual relationship with Kropkof.

80.     As a result of the retaliatory acts, Specter suffered from stress and anxiety which has negatively impacted her physical condition.

COMPLAINT FOR DAMAGES

81.    Specter believes and thereon alleges that any claims of misconduct or performance issues as Defendants' basis for any disciplinary actions against Specter are pretextual and meant to disguise the retaliatory reasons for Defendants' conduct.

82.    As a direct and proximate cause of the retaliation, Specter has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

83.    Moreover, Specter is entitled to attorneys' fees and costs for bringing suit alleging these violations.  Specter has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA claims against Defendants.  Specter is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

84.    Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Specter's rights, Specter seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.

85.    To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

## NINTH CAUSE OF ACTION

### BREACH OF CONTRACT

(Against All Defendants and DOES 1-50)

86.    Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

COMPLAINT FOR DAMAGES

87.    In or about 2001, Specter and Defendants entered into an employment and a retirement account contracts.  Pursuant to the terms of the contract, Defendants were to take a portion of Specter's salary and invest it for her future retirement needs.

88.    On various dates throughout Specter's employment, Defendants breached the contract by failing to fund Specter's retirement account after deducting from her salary funds meant to be deposited in her retirement account.

89.    Specter performed all obligations on her part required to be performed in accordance with the terms and conditions of the contract.

90.    As a direct and proximate result of Defendants' breach of contract, Specter has suffered compensatory, incidental and consequential damages, including lost income and benefits, all in a sum according to proof at time of trial.  Specter is further entitled to pre-judgment interest at the legal prevailing rate.

91.    To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

## TENTH CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants and DOES 1-50)

92.    Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

93.    The provisions of the California Labor Code are implied by law into all employment agreements, including the employment agreement entered into between Specter and Defendants.  At all times herein mentioned, there existed an implied covenant of good faith and fair dealing incident to the implied and express employment contract by and between Specter and Defendants that:

COMPLAINT FOR DAMAGES

   i.  Each party would act in good faith and deal fairly toward the other concerning all matters relating to employment;

   ii.  Neither party would do anything to deprive the other party of the benefits of the agreement;

   iii.  Neither party would take any action that would unfairly prevent the other from obtaining the benefit of employment; and

   iv.  Defendants would treat Specter equally to employees who are similarly situated to Specter.

94.    On or about December 1, 2009, the Corporate Defendants intentionally and purposefully breached the implied covenant of good faith and fair dealing by terminating Specter's employment. The Corporate Defendants also intentionally and purposefully breached the implied covenant of good faith and fair dealing by failing to fund Specter's retirement account.

95.    As discussed above and incorporated herein, the bad faith conduct of Defendants was designed to prevent and in fact prevented Specter from carrying out her part of the employment agreement and destroyed and/or impaired Specter's right to receive the benefits to which she was entitled pursuant to the agreement.

96.    By acting and failing to act as alleged herein, Defendants violated both state and federal laws and wrongfully terminated Specter. The Corporate Defendants breached the implied covenant of good faith and fair dealing.

97.    As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Specter has suffered compensatory, incidental and consequential damages, including lost pay and benefits all in a sum according to proof at time of trial. Specter is further entitled to pre-judgment interest at the legal prevailing rate.

98.    To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

COMPLAINT FOR DAMAGES

ELEVENTH CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(GOVERNMENT CODE § 12940 ET SEQ, LABOR CODE §1102.5 & 18USC § 664)

(Against All Defendants and DOES 1-50)

99.    Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

100.    It is the public policy of the State of California to prohibit wrongful termination in the workplace.  This public policy is embodied in and tethered to various State and Federal Constitutional provisions, statutes, regulations, policies, and case law.

101.    At all times relevant to this matter, California Constitution Article I, Section 8 was in full force and effect and binding on Defendants.  This Constitutional provision embodies fundamental, substantial, and well-established public policies of the State of California that prohibit employers from wrongfully terminating employees in violation of fundamental policies, beneficial to the public, and embodied in a statute, administrative regulation, or constitutional provision.

102.    In addition, ERISA 502(c), 29 U.S.C. 1132(c), 18 U.S.C. § 664 and the FEHA, embodied in Government Code § 12940 were in full force and effect.  Such codes provide for penalties for a plan administrator refusal to respond to written requests for information, prohibiting embezzlement from employee benefit plans, and retaliation based on sex, as well as on other grounds.

103.    As set forth in the factual summary above, Specter believes and thereon alleges that Defendants violated Labor Code section 1102.5 and Government Code section12940, by retaliating against her on the basis of her complaints made to a governmental agency and her sex.

104.    As a direct and proximate cause of the wrongful termination, Specter has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional and physical distress in an amount unknown, but according to proof at trial.

COMPLAINT FOR DAMAGES

105.    Moreover, Specter is entitled to attorneys' fees costs, and penalties for bringing suit alleging these violations.  Specter has incurred and continues to incur legal expenses and attorneys' fees as a result of her claims against the Corporate Defendants.  Specter is presently unaware of the precise amount of these expenses, fees, and penalties but seeks an award of attorneys' fees, costs, and penalties according to proof at trial.

106.    Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Specter's rights and safety, Specter seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.

107.    To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

## TWELFTH CAUSE OF ACTION

### FRAUD AND MISREPRESENTATION OF MATERIAL FACTS

(Against All Defendants and DOES 1-50)

108.    Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

109.    In or around 2001 when Specter was hired by Defendants, Kropkof and Defendants represented to her that certain portions of her salary would be deducted and invested on her behalf in the Defendants' retirement account. Plaintiff also agreed to enter into a Quit Claim with Defendant Kropkof as to Plaintiff's home located at 12 Westgate, Laguna Niguel, California in exchange for Plaintiff allowing Defendant's to use Plaintiff's home as the corporate headquarters and business office of Defendants, as well as to pay the mortgage, taxes, and insurance so that Defendants could use as a tax deduction.

COMPLAINT FOR DAMAGES

110.    The representations made by the Defendants were in fact false.  In at least nine (9) years, Defendants deducted portions of Specter's salary, but never deposited those funds into her retirement account and instead, among other uses, applied Plaintiff's own retirement savings to pay Defendant's share of the mortgage, taxes, and insurance on Plaintiff's home that Defendant Kropkof now seeks to partition.

111.    When the Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and defraud Specter and to induce the Specter to act in reliance on these representations in the manner heretofore alleged, or with the expectation that the Specter would so act.

112.    Specter, at the time these representations were made by the Defendants and at the time Specter took the actions herein alleged, was ignorant of the falsity of the Defendants' representations and believed them to be true.  In reliance on these representations, Specter was induced to and did allow the Defendants to deduct portions of her salary.  Had Specter known the actual facts, she would not have taken such action. Specter's reliance on the Defendants' representations was justified because Kropkof was the administrator of the retirement account, and the Corporate Defendants were in the business of managing these types of accounts.

113.    As a proximate result of the fraudulent conduct of the Defendants as herein alleged, Specter was deprived of portions of her salary the Defendants deducted and the interest and growth in the retirement account.  Plaintiff is also now being sued by Defendant Kropkof in a partition action to force the sale of her home likely paid for by her own retirement savings by Defendant Kropkof.

114.    The aforementioned conduct of the Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving Specter of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Specter to a cruel and unjust hardship in conscious disregard of Specter's rights, so as to justify an award of exemplary and punitive damages.

115.    To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's

COMPLAINT FOR DAMAGES

1  emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the

2  deleterious consequences to Specter.

3

4                        **THIRTEENTH CAUSE OF ACTION**

5                        NEGLIGENT MISREPRESENTATION

6

7                        (Against All Defendants and DOES 1-50)

8        116.    Plaintiff incorporates herein by reference each and every previous and subsequent

9  allegation as though fully set forth herein.

10       117.    Defendants induced Plaintiff to participate in her employer retirement benefit program

11  and to agree to allow Defendant Kropkof to be added to the deed of trust on her home and use it as a

12  business location on false representations concerning the nature of the relationship and the financial

13  status of Defendants. Defendants falsely represented that the money Plaintiff contributed from her wages

14  was being applied to her retirement account, and that Defendants were expending their own funds to

15

16  cover Defendant Kropkof's share of the mortgage and taxes.  Additionally, Plaintiff believed that

17  Defendant Kropkof and she would be married and share Plaintiff's home eventually.  In fact, Defendant

18  Kropkof never planned to marry Plaintiff as he was in an affair with at least one woman and maybe

19  others.

20

21       118.    Defendants had no reasonable basis for believing the representations to be true, and made

22  them with the intention of inducing Plaintiff to enter into the Employment Agreement and execute a new

23  deed of trust.

24       119.    Plaintiff relied on the false and misleading representations made by Defendants.  Based

25  on these misrepresentations, Plaintiff Specter allowed money to be taken from her pay checks to

26  contribute to her retirement plan, and allowed Defendant Kropkof to be added to the Deed of Trust and

27

28

                                    20

be responsible for payments to her mortgage and taxes on her home.  If Plaintiff had known the true and material facts, she would not have entered into these agreements.

120.    As a direct and proximate cause of Defendants' negligent misrepresentations, Plaintiff suffered and continues to suffer general, compensatory, and special damages, including past and future lost wages and benefits, emotional and physical distress in an amount unknown, but according to proof at trial.

## FOURTEENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants and DOES 1-50)

121.    Specter realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

122.    In perpetuating the retaliation against Specter and other offensive conduct described herein, the Corporate Defendants abused the special position of employers of Specter and Defendant Kropkof abused the special relationship of Specter's supervisor.  Defendants acted with the knowledge that they could manipulate and damage Specter's interest and well-being.

123.    At all times relevant, Specter was able to and did perform the essential functions of her position.  Specter believes and thereon alleges that Defendants intended to and did cause Specter to suffer from emotional distress because she made complaints to a governmental agency and refused to consent to have sexual relations with Defendant Kropkof.  Plaintiff is now extremely anxious and stressed about the thought of losing her family's home

124.    As a result of the retaliatory acts, Specter suffered from stress and anxiety which negatively impacted her physical condition.

125.    Through Defendants outrageous and unprivileged conduct as described herein and above, Defendants acted with the intent to cause, or with a reckless disregard for the probability of causing, Specter to suffer humiliation, isolation, mental anguish, loss of job opportunities and reputation, and severe physical

COMPLAINT FOR DAMAGES

and emotional distress.

126. As a direct and proximate result of Defendants' acts, Specter suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, loss of career opportunities, prejudgment interest, consequential and incidental damages, plus tort damages including humiliation, isolation, emotional distress and physical injuries in an amount unknown, but according to proof at trial.

127. The above-recited actions of Defendants were done with intent, malice, fraud, or oppression, and in reckless disregard of the Specter's rights under public policies of the State of California and anti-retaliation statutes embodied in California Labor Code section 1102.5 and California Government Code section 12940 et seq. Specter is thus entitled to and seeks punitive and exemplary damages from Defendants in an amount according to proof at trial. Specter is further entitled to pre-judgment interest at the legal prevailing rate.

128. To the extent that said certain agent(s) of the Corporate Defendants perpetrated retaliatory conduct, the Corporate Defendants authorized and ratified the conduct with the knowledge that Specter's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to Specter.

WHEREFORE, Specter prays for judgment as follows:

1. General and compensatory damages including all lost wages, in a sum according to proof at time of trial;

2. Consequential and incidental damages in a sum according to proof at time of trial;

3. Damages for mental and emotional distress in a sum according to proof at time of trial;

4. General and special damages in a sum according to proof at time of trial;

5. Penalties in a sum according to proof at time of trial;

6. Payment of Specter's reasonable and actual attorney fees in a sum according to proof at time of trial;

7. For costs of suit herein incurred;

8. Pre-judgment interest at the legal prevailing rate;

COMPLAINT FOR DAMAGES

1        9.   Punitive and exemplary damages in a sum according to proof at time of trial;

2        10. Statutory penalties; and

3    For such other and further relief as the Court deems just and proper.

4

5                              **DEMAND FOR JURY**

6        Specter hereby demands trial by jury in this action.

7

8

9    Dated:   8/12/10                    THE FOLEY GROUP, PLC

10

11                              By

12                                   Katrina Anne Foley
                                     Attorney for Plaintiff
13                                   BARBARA SPECTER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1517 DOC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

BARBARA SPECTER

**DEFENDANTS**

WILLIAM J. KROPKOF; KINGSLEY GROUP, INC. dba KROPKOF, KINGSLEY & ASSOCIATES, INC.; KROPKOF, LANG & ASSOCIATES, INC., a CA Corp. dba KROPKOF, KINGSLEY & ASSOC. and dba KROPKOF PENSION SERVICES

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Katrina Anne Foley, Esq.
The Foley Group
1600 Dove Street, Suite 101
Newport Beach, CA 92660
Tel: (949) 502-8800
Fax: (949) 502-8801

Attorneys (If Known)

Joseph C. Faucher, Esq.
Pascal Benyamini, Esq.
Reish & Reicher
11755 Wilshire Blvd., 10th Floor
Los Angeles, CA 90024
Tel: (310) 478-5656; Fax: (310) 478-5831

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

ERISA, 29 U.S.C.§ 1001, et sequ. The matter involves a claim for benefits related to the administration of an employee pension plan.

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SACV10-1517

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                      CIVIL COVER SHEET                      Page 1 of 2
                                                                         CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.   VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange, CA | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maricopa County, AZ |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange, CA | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.   SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date October 7, 2010

JOSEPH C. FAUCHER, ESQ.

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, CESAR M. IBANEZ, declare: |
| 3 | I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within Action; my business address is 11755 |
| 4 | Wilshire Boulevard, 10th Floor, Los Angeles, California 90025. |
| 5 | On October 7, 2010, I served the document(s) described as CIVIL COVER SHEET on the parties in this Action: |
| 6 | |
| 7 | Katrina Anne Foley, Esq. The Foley Group, PLC 1600 Dove Street, Suite 101 |
| 8 | Newport Beach, California 92660 Tel: (949) 502-8800 |
| 9 | Fax: (949) 502-8801 |
| 10 | Attorneys for Plaintiff, BARBARA SPECTER |

11 ☒ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

15 ☐ BY E-MAIL/ELECTRONIC SERVICE: I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above. Each e-mail was complete and no reports of error were received.

17 ☐ BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Reish & Reicher, 11755 Wilshire Boulevard, 10th Floor, Los Angeles, CA 90025-1539 with delivery fees fully provided for.

22 ☒ [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2010, at Los Angeles, California.

CESAR M. IBANEZ

435240.1