JS-6, O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SPECTER, <br><br> Plaintiff(s), <br><br> v. <br><br> WILLIAM J. KROPKOF, ET AL., <br><br> Defendant(s). | CASE NO. SA CV 10-1517 DOC (MLGx) <br><br> **O R D E R GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND AWARDING ATTORNEYS' FEES AND COSTS AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** |

Before the Court is a Motion for Order Remanding Case to State Court and Awarding Attorneys' Fees and Costs to Plaintiff in the Amount of $7,050.00 Against Defendants ("Remand Motion") filed by Plaintiff Barbara Specter ("Plaintiff"), as well as a Motion to Dismiss Plaintiff's Complaint for Damages ("MTD") filed by Defendants William J. Kropkof ("Kropkoff"); Kingsley Group, Inc. dba Kropkof, Kingsley & Associates, Inc.; Kropkof, Lang & Associates, Inc. and dba Kropkof Pension Services (collectively "Defendants"). The Court has considered the moving, opposing, and replying papers for both of these motions and GRANTS in part and DENIES in Part the Remand Motion, and DENIES AS MOOT the MTD.

## I. Background

Plaintiff and Kropkof began a consensual sexual relationship in 1999. Complaint, ¶ 8. In 2001, Kropkof allegedly hired Plaintiff as a 125 Cafeteria Plan Administrator for Kropkof's personal services business, as well for him as an independent fiduciary. Kropkof acted as Plaintiff's direct supervisor throughout her employment. Plaintiff avers that during this time, Kropkof moved into her personal home, from which he operated his business. On or about February 6, 2006, Plaintiff executed a quitclaim deed to herself and Kropkof in exchange for his agreement to pay her mortgage, insurance, and taxes on her home so that he could claim the tax deduction. *Id.*

The heart of Plaintiff's allegations is that Kropkof told her he would contribute part of her monthly salary to a company retirement account, of which Kropkof was the administrator. *Id.,* ¶ 10. Plaintiff alleges that it was not until the personal relationship between her and Kropkof ended in September of 2009 that she learned that, despite the deductions from her paychecks, no retirement account had been established for her. Plaintiff alleges that Kropkof took the money for his own personal needs. *Id.* ¶¶ 10-11.

Plaintiff further avers that she discovered other evidence that Kropkof had committed fraud and had transferred money between unrelated plans in which he was the fiduciary. As a result of these discoveries, Plaintiff filed a separate complaint with the U.S. Department of Labor. *Id.* ¶ 13.

Finally, Plaintiff alleges claims resulting from a September 20, 2009 incident during which Kropkof allegedly drove to her home, pushed her, caused her to be injured, and then refused to allow her to escape her home. *Id.* ¶¶ 14-16. Later that month, Plaintiff alleges that Kropkof filed a restraining order against her as an act of retaliation and intimidation because of her complaint against him. Kropkof then allegedly discontinued Plaintiff's benefits, insurance, and medical insurance, and in December 2009, terminated her employment. Plaintiff alleges that Kropkof never paid her owed wages. Kropkof also filed his own partition action in an effort to force Plaintiff to sell her home. *Id.* ¶¶ 17-19.

On August 17, 2010 Plaintiff filed her Complaint in the Orange County Superior Court alleging damages for Assault, Battery, False Imprisonment, Conversion, Failure to Pay Wages, Waiting Time Penalties, Retaliation, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Wrongful Termination in Violation of Public Policy, Intentional and Negligent Misrepresentation, and Intentional Infliction of Emotional Distress.   On October 8, 2010, Defendants removed this case to this federal Court, insisting that several of Plaintiff's claims are governed by ERISA.  (Docket 1.)  Defendants brought their MTD on October 15, 2010.  Plaintiff filed her Motion to Remand Case to State Court on November 8, 2001. (Docket 13.)

**II.     Legal Standard**

**A.     Remand**

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  The party seeking removal bears the burden of establishing federal jurisdiction.  *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  Furthermore, courts construe the removal statute strictly against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the right of removal in the first instance, remand must be granted.  *See id.*

**B.     Fees and Costs**

Where a case is improvidently removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Section 1447(c) provides the court "wide discretion" to grant fees and costs following removal.  *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).  There is neither a presumption in favor of fees nor a bias against fees.  *See Martin v. Franklin Capital Corp.*, 546

U.S. 132, 138-39, 126 S. Ct. 704 (2005) (noting there is "no heavy congressional thumb on either side of the scales"). Thus, though the party seeking remand is not required to show bad faith, *Moore*, 981 F.2d at 446, "absent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

### III. Discussion
#### A. Remand

Under ERISA, there are two types of preemption: complete preemption and conflict preemption. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). "[C]omplete preemption applies, and thus removal is permissible, when the complaint asserts state law claims that fall within the scope of [29 U.S.C.] § 1132(a)." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1988). Conflict preemption, on the other hands, applies when the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" created under ERISA. 29 U.S.C. § 1144(a).

Defendants argue that Plaintiff's claims relating to Defendants' failure to make payments to her 401(k) plan are subject to complete preemption, and further assert that the Court should exercise supplemental jurisdiction over the remaining claims as a result. Opposition, 8-14. However, "a state-law cause of action is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),"and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (internal citations omitted). To defeat Plaintiff's Remand Motion, Defendants need to demonstrate not just that Plaintiff could have brought the claim under ERISA, but there is no other independent legal duty implicated under state law. Defendants have failed to do so.

Plaintiff's state court Complaint does not allege a federal claim on its face. Nor is this a case in which the Complaint was "artfully pleaded" to avoid federal jurisdiction. *See Franchise Tax Construction Laborers Vacation Trust Board*, 463 U.S. 1, 103 S.Ct. 2841 (1983); *see also*

4

*Olgun v. Inspiration Consol. Cooper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) (holding that the court may consider sources outside the complaint to determine whether the complaint is "artfully pleaded" to avoid federal jurisdiction).

The Court declines to allow Defendants' tenuous allegations that the claims here implicated ERISA to force this case into federal court when the case is, at its heart, a case involving state claims resulting from a soured relationship and subsequent tortious conduct.

### B.    Attorneys' Fees and Costs

In determining whether to award fees and costs, the Court must bear in mind the interests motivating 28 U.S.C. § 1447(c).  Specifically, the Court must balance the desires: a) to prevent removal as a device to unnecessarily delay or extract resources from one's opponent, and b) to avoid deterring reasonable exercise of a defendant's right to have its case heard in federal court under appropriate circumstances.   *Martin*, 546 U.S. at 140-141.

Defendants have been obstinate in maintaining that several of Plaintiff's claims arise under ERISA.  However, they have failed to convince the Court that this sort of dispute that only tenuously relates to ERISA belongs in federal court.  However, it is true that some courts have held that state-law wage claims related to ERISA benefits plans are a proper basis for removal.  Though the Court declines to adopt such an interpretation, the fact that other courts have done so suggests that Defendants were not wholly unreasonable.   Because the contours of ERISA preemption remain somewhat vague, and because it was not patently obvious that Plaintiff's wage claim fit within the rule developed in *Ethridge*, granting fees and costs would be inappropriate.

Accordingly, Plaintiff's motion for attorneys' fees and costs is hereby DENIED.

5

**IV. Disposition**

Based on the foregoing, the Court REMANDS this case to Orange County Superior Court but DENIES Plaintiff's request for attorneys' fees and costs. Defendants' MTD is therefore DENIED as MOOT.

IT IS SO ORDERED.

DATED: December 29, 2010

_____
DAVID O. CARTER
United States District Judge